Caree Harper SBN 219048
LAW OFFICES OF CAREE HARPER
100 Wilshire Blvd. Suite 700
Santa Monica, CA 90401
Tel. (213) 386-5078
Email: *ch1@attorneyharper.com*

Attorneys for Plaintiffs: **JAYSHAWN R ALLEN,** "KW" by & through Guardian *ad Litem*, Dominique Ortiz, "DT" by & through Guardian *ad Litem* Tyisha Brooks

# UNITED STATES DISTRICT COURT
# IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAYSHAWN R. ALLEN, "DT"** by & through Guardian *ad Litem* **TYISHA BROOKS,** and **"KT"** by & through Guardian *ad Litem* **DOMINIQUE ORTIZ**<br><br>Plaintiffs,<br><br>vs.<br><br>**COUNTY OF LOS ANGELES,** individually and in their official capacities and **DOES 1-10** inclusive,<br><br>Defendants. | Case No.: 22-CV09475<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **EXCESSIVE FORCE**<br>   (Per 42 U.S.C. § 1983)<br>2. ***MONELL* ALLEGATIONS**<br>   (Per 42 U.S.C. § 1983)<br>3. **CONSPIRACY**<br>   (Per 42 U.S.C. § 1985)<br>4. **BATTERY**<br>5. **NEGLIGENCE**<br>6. ***BANE* CIVIL RIGHTS ACT**<br>   (CA. Civil Code § 52.1)<br>7. **TORTS-IN-ESSENCE** |

///

///

Plaintiffs allege:

## INTRODUCTION.

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various civil rights under the United States Constitution and state law in connection with the use deadly force on the Plaintiffs that could have easily resulted in their death and additional civil rights violations of those at the scene.

## PARTIES

2. **JAYSHAWN R. ALLEN,** at all times was/ is a Black man and resident of Los Angeles County.

3. **TYISHA BROOKS,** as Guardian *ad Litem* for "DT", who was and is at all times a Black man and resident of Los Angeles County.

4. **DOMINIQUE ORTIZ** as Guardian *ad Litem* for "KT" who was / is at all times a Black man and resident of Los Angeles County.

5. At all relevant times, Defendant **COUNTY OF LOS ANGELES ("COUNTY")** is and was a duly organized public entity, form unknown, existing under the laws of the State of California.

6. **DOE DEFENDANT#1**: A female deputy at the Los Angeles County Sheriffs' Department (hereinafter **"LASD"**) who shot into the vehicle the Plaintiffs were seated in.

7. At all relevant times, COUNTY was the employer of DOE Defendants who were/ are DEPUTIES, and DOES 1-10 who were/ are peace officers and supervisorial officers, and who were managerial, supervisorial, and policymaking employees of the COUNTY.

8. At all relevant times, DOES 1-10 were duly authorized employees and agents of COUNTY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant COUNTY.

9. At all relevant times, Defendants and DOES 1-10 were duly appointed officers and/or employees or agents of the COUNTY, subject to oversight and supervision by COUNTY's elected and non- elected officials.

10. In doing the acts and failing and omitting to act as hereinafter described, Defendants were acting on the implied and actual permission and consent of COUNTY.

11. At all times mentioned herein, each and every COUNTY defendant was the agent of each and every other COUNTY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every COUNTY defendant.

12. The true names of defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

## JURISDICTION AND VENUE

13. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

14. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Los Angeles, California.

///
///
///

## STATEMENT OF FACTS

15. On or about June 7, 2022, Plaintiffs were travelling in a vehicle in the 8500 Block of Rosecrans Ave. in Paramount, California when they were pulled over by Sheriff's deputies. Without cause or provocation, a female deputy shot at the unarmed, cooperative Plaintiffs causing the vehicle windows to shatter and causing the youths to fear for their lives. The young men were taken out of the vehicle at gunpoint and arrested for Cal. Vehicle Code Section 10851(a), Driving a vehicle without the Owner's Consent, which is a "wobbler" in the State of California and not punishable by death (File #922-10895-1365-607).

16. The young men filed separate, comprehensive and timely claims for damages with COUNTY pursuant to applicable sections of the California Government Code. The County then rejected said claims.

## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Excessive Force

**(42 U.S.C. § 1983)** (Against All Officer Defendants)

17. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 16 of this Complaint with the same force and effect as if fully set forth herein.

18. Defendants, and DOES 1-10, and each of them, joined in and carried out a mutually supportive conspiracy to deprive Plaintiffs of their rights against unreasonable seizures, and due process guarantees by participating in a mutually supportive, corrupt effort to deny and violate Plaintiffs' constitutional rights.

19. The unjustified use of deadly force and false arrest deprived the young men of their rights to be secure in their person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

20. As a result, the Plaintiffs suffered some physical paint and extreme

emotional distress.

21. As a result of the conduct of the Officer Defendants, they are liable for Plaintiffs' injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

22. The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to the Officer Defendants.

23. Plaintiffs also seek attorney fees under this claim.

**SECOND CLAIM FOR RELIEF**
*Monell* **Allegations**
**Municipal Liability for Unconstitutional Custom or Policy**
**(42 U.S.C. § 1983)** (DOES 1-10 and **COUNTY**)

24. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 23 of this Complaint with the same force and effect as if fully set forth herein.

25. For some time prior to June 2022 (and continuing to the present date) the individual OFFICER Defendants, deprived Plaintiffs of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that, said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs, and of persons in their class situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a) Employing and retaining as deputies and other personnel, including the Officer Defendants, DOES 1- 5, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for

mistreating citizens by failing to follow written COUNTY department's policies, including the use of excessive force;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY officers, and other personnel, including the Officer Defendants, who Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

(c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendant the Officer Defendants, who are police officers of COUNTY;

(d) By failing to discipline COUNTY officers' conduct, including but not limited to, excessive force;

(e) By ratifying the intentional misconduct of Defendant Officers, who are deputies of the COUNTY Sheriffs' Department;

(f) By having and maintaining an unconstitutional policy, custom, and practice of using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of DOES 1- 5, were done with a deliberate indifference to individuals' safety and rights; and

(g) By failing to properly investigate claims of unlawful detention and excessive force by COUNTY police officers.

26. The "L.A.S.D." has a pattern and practice of using excessive or deadly force on young men of color.

27. Top brass at the "LASD", especially past Sheriffs, have a long history of refusing to discipline officers for excessive on people of color and stonewalling and/ or failing to cooperate with investigations into allegations of excessive force, by local and federal investigators.

28. Defendants, together with various other officials, whether named or

unnamed, had either actual or constructive knowledge of the deficient policies practices and customs alleged in the paragraphs above. Despite having knowledge, as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs, and other individuals similarly situated.

29. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, past Sheriff Villanueva, acted with an intentional, reckless, and callous disregard for Plaintiffs' constitutional rights.

30. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by the COUNTY, and unknown Defendants were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiffs.

31. By reason of the aforementioned policies and practices of Defendants, Plaintiffs were physically and emotionally injured and subjected to pain and suffering.

### THIRD CAUSE OF ACTION
### CONSPIRACY
### (Per 42 U.S.C. Section 1985)

32. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 31 of this Complaint with the same force and effect as if fully set forth herein.

33. Defendants, together with other unknown co-conspirators, including police supervisory, and command personnel, together reached an understanding, engaged and continue to engage in a course of conduct, and otherwise jointly acted and conspired among and between themselves to commit unconstitutional overt acts, retaliation against those who object to the violations of constitutional rights, and deliberate indifference to those officers who deprive

others of constitutional rights. After said shooting, the involved deputies congregated and devised a cover story instead of following department policy and separating prior to being interviewed by internal affairs.

34.     Defendants together with other as yet unnamed Doe co-conspirators, knowing that the above § 1985 conspiracy to deprive African-Americans of their rights, and having the power, authority and duty to prevent or aid in preventing the commission of the acts in furtherance of the conspiracy, neglected and refused to do so, in violation of 42 U.S.C. § l986.

35.     As a direct and proximate result of the foregoing, Plaintiffs sustained injury and damage as alleged above.

## FOURTH CLAIM FOR RELIEF
### Battery
### (Cal. Govt. Code § 820 and California Common Law)
(Against the Officer Defendants and COUNTY)

36.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 35 of this Complaint with the same force and effect as if fully set forth herein.

37.     Defendant DOE DEPUTY #1, while working as peace officers for the "LASD", and acting within the course and scope of her employment with the COUNTY, intentionally shot the vehicle the Plaintiffs were sitting in causing them to duck and fear for their lives as the window shattered.

38.     At the time of the shooting, the Plaintiff were unarmed and did not pose an immediate threat of death or serious bodily injury to anyone, including the DOE OFFICERS.

39.     As a result of their misconduct, Defendant Officers are liable for Plaintiffs' injuries, either because they were integral participants in the shooting, or because they failed to intervene to prevent these violations.

40. As a direct and proximate result of the conduct of DOE #1 and other DOE OFFICERS as alleged above, Plaintiffs sustained injuries, endured pain and suffering.

41. The COUNTY is vicariously liable for the wrongful acts of Defendant OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

42. The conduct of Defendant DOE DEPUTIES was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to an award of exemplary and punitive damages as to DOE OFFICERS.

43. Plaintiffs also seek attorney's fees under this claim.

**FIFTH CLAIM FOR RELIEF**
**Negligence**
**(Cal. Govt. Code § 820 and California Common Law)**

44. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 43 of this Complaint with the same force and effect as if fully set forth herein.

45. The actions and inactions of the Defendants, were negligent and reckless, including but not limited to:

(a) the failure to properly and adequately assess the need to use force or deadly force;

(b) the negligent tactics and handling of the situation, including the use of deadly force;

(c) the negligent detention, arrest, and use of force, including deadly force,;

(d) the negligent handling of evidence and witnesses.

46. Supervisors at "LASD" had a duty to instruct and institute policies and procedures.

47. Responsible supervisors, failed to discipline DEPUTIES for using excessive force and therefore emboldening them to use excessive force again in the future. Unknown responsible supervisors failed to train, discipline or fire rogue deputies.

48. As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct. As a direct and proximate result of defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.

49. COUNTY is vicariously liable for the wrongful acts of the Officer Defendants pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## SIXTH CAUSE OF ACTION

(Violation of the *BANE* Act Cal. Civil Code § 52.1)

(By All Plaintiffs against all Defendants)

50. Plaintiffs repeat and re-allege each and every allegation inparagraphs1 through 49 of this Complaint with the same force and effect as if fully set forth herein.

51. California Civil Code, Section 52.1 (the *Bane* Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

52. On information and belief, Defendant Officers and DOE OFFICERS, inclusive, while working for the COUNTY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against Plaintiffs.

53. Defendant OFFICERS infringed on Plaintiffs' constitutional right to life and liberty, and civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to be free from state actions that shock the conscience, and to life, liberty, and property.

54. On information and belief, Defendants intentionally and spitefully committed the above acts to discourage Plaintiffs from exercising their civil rights, which they were fully entitled to enjoy.

55. Defendants thus successfully interfered with the above civil rights of Plaintiffs.

56. The conduct of Defendants was a substantial factor in causing Plaintiffs' harms, losses, injuries, and damages.

57. The Defendant COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES, inclusive, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

58. The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for Plaintiffs' rights, justifying an award of exemplary and punitive damages as to the individual responding Defendant DOE DEPUTIES.

### SEVENTH CAUSE OF ACTION
### "TORTS-IN-ESSENCE"
### (Against Individual Defendant OFFICERS)

59. Plaintiffs restate and incorporate by reference, as though fully set forth herein, the allegations contained in all paragraphs above. Pursuant to CA Gov. Code Section 815.6, which creates a private right of action for the alleged breaches of the various penal code sections listed in this Complaint, the officers Defendants and each of them, owed to Plaintiffs non-consensual duties, and Plaintiffs hereby set forth that the individual Officer Defendants violated the

following California Penal Code Sections: 149 (felonious excessive force by a peace officer), 240 (assault), and 242 (battery) false reports, and conspiracy.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray, and request entry of judgment in their favor and against Defendants, as follows:

60. For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

65. For funeral and burial expenses, and loss of financial support;

66. For punitive damages against the individual defendants in an amount to be proven at trial;

67. For interest;

68. For reasonable costs of this suit and attorneys' fees; and

69. For such further other relief as the Court may deem just, proper, and appropriate.

DATED:    12/30/22            LAW OFFICES OF CAREE HARPER

**/S/ Caree Harper**
Attorney for Plaintiffs

**DEMAND FOR JURY TRIAL**

DATED:    12/30/22    All Plaintiffs demand a jury trial.

LAW OFFICES OF CAREE HARPER
**/S/ Caree Harper**
Attorney for Plaintiffs