SEKI, NISHIMURA & WATASE, LLP
JOSEPH P. ESPOSITO (SBN 142785)
jesposito@snw-law.com
KARI C. KADOMATSU (SBN 270036)
kkadomatsu@snw-law.com
600 Wilshire Boulevard, Suite 1250
Los Angeles, California 90017
Tel.: (213) 481-2869 | Fax: (213) 481-2871

*[Exempt from Filing Fee Pursuant to Government Code § 6103]*

Attorneys for Defendant COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYSHAWN R. ALLEN, "DT" by and through Guardian ad Litem TYISHA BROOKS, and "KT" by and through Guardian ad Litem DOMINIQUE ORTIZ,<br><br>Plaintiff(s),<br><br>vs.<br><br>COUNTY OF LOS ANGELES, individually and in their official capacities and DOES 1-10 inclusive,<br><br>Defendant(s). | Case No.: 2:22-cv-09475-KS<br><br>**DEFENDANT COUNTY OF LOS ANGELES' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>DEMAND FOR JURY TRIAL |

Defendant, County of Los Angeles (hereinafter "County") acting by and through its attorneys of record, hereby answers the allegations in Plaintiff's Complaint as follows:

1.  The County denies each and every allegation regarding unlawful actions taken by law enforcement and the parties that resulted in an alleged

1

interference with Plaintiff, Jayshawn R. Allen, "DT" by and through Guardian Ad Litem TYISHA BROOKS, and "KT" by and through Guardian Ad Litem DOMINIQUE ORTIZ' constitutional civil rights, including their Fourth Amendment Rights under the Constitution and alleged conspiracy to commit a violation of said Constitutional rights. The County also denies Plaintiffs' claim for compensatory and punitive damages for said violations amounting from the alleged use of deadly force.

## Parties

2. The County lacks knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 2 of the Complaint and on that basis denies it.

3. The County lacks knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 3 of the Complaint and on that basis denies it.

4. The County lacks knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 4 of the Complaint and on that basis denies it.

5. The County admits the allegations of paragraph 5 of the Complaint that the County of Los Angeles is a duly organized public entity existing under the laws of the State of California.

6. The County lacks sufficient knowledge to be able to admit or deny the allegations contained in Paragraph 6 and on that basis denies the allegations contained therein, including that there was any unlawful conduct taken by an unidentified female deputy employed by the County.

7. The County lacks knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 7 of the Complaint and on that basis denies it.

8. The County lacks knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 8 of the Complaint and on that basis denies it.

9. The County lacks knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 9 of the Complaint and on that basis denies it.

10. The County lacks knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 10 of the Complaint and on that basis denies it.

11. The County lacks knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 11 of the Complaint and on that basis denies it.

12. The County lacks knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 12 of the Complaint and on that basis denies it.

## Jurisdiction and Venue

13. County admits the jurisdictional allegations asserted in paragraph 1 of the Complaint as based on 28 USC 1983 and 28 USC 1331 and 1343.

14. County admits that venue is proper as asserted in Paragraph 14 of the Complaint and is informed and believes that a substantial part of the alleged incidents arising out of and/or occurring in this district. However, Answering Defendants deny that it is liable for any of the conduct alleged by Plaintiff.

## Facts Common to all Claims for Relief

15. The answering Defendant lacks knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 15 of the Complaint and on that basis denies it. Specifically, County denies that the shot taken by the unidentified female officer was without cause or provocation.

16. The answering Defendant lacks knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 10 of the Complaint and on that basis denies it.

COUNTY OF LOS ANGELES' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

# FIRST CLAIM FOR RELIEF

## Unreasonable Search and Seizure – Excessive Force

### (42 U.S.C. Section 1983 – Against all Officer Defendants)

17. The answering Defendant incorporates by reference all admissions and denials as previously set forth in each and every paragraph of its Answer to the Complaint.

18. The answering Defendant denies each of the allegations asserted in Paragraph 18 of the Complaint, specifically that any Defendants joined in and carried out a mutually supportive conspiracy to deprive Plaintiffs of their rights against unreasonable search and seizures and due process.

19. The answering Defendant denies each of the allegations asserted in Paragraph 19 of the Complaint.

20. The answering Defendant lacks sufficient knowledge to form a belief as to the truth of the matter asserted in Paragraph 20 of the Complaint and on that basis denies it.

21. The answering Defendant denies each of the allegations asserted in Paragraph 21 of the Complaint.

22. The answering Defendant denies each of the allegations asserted in Paragraph 22 of the Complaint.

23. The answering Defendant denies each of the allegations asserted in Paragraph 23 of the Complaint.

# SECOND CLAIM FOR RELIEF

## Violation of Civil Rights 42 U.S.C. Section 1983 – Monell Claim

24. The answering Defendant incorporates by reference all admissions and denials as previously set forth in each and every paragraph of its Answer to the Complaint.

25. The answering Defendant denies each of the allegations asserted in paragraph 25 of the Complaint.

26. The answering Defendant denies each of the allegations asserted in paragraph 26 of the Complaint.

27. The answering Defendant denies each of the allegations asserted in paragraph 27 of the Complaint.

28. The answering Defendant denies each of the allegations asserted in paragraph 28 of the Complaint.

29. The answering Defendant denies each of the allegations asserted in paragraph 29 of the Complaint.

30. The answering Defendant denies each of the allegations asserted in paragraph 30 of the Complaint.

31. The answering Defendant lacks knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 31 of the Complaint and on that basis denies it.

### THIRD CLAIM FOR RELIEF

**Conspiracy – 42 U.S.C Section 1985**

32. The answering Defendant incorporates by reference all admissions and denials as previously set forth in each and every paragraph of its Answer to the Complaint.

33. The answering Defendant denies each of the allegations asserted in paragraph 33 of the Complaint.

34. The answering Defendant denies each of the allegations asserted in paragraph 34 of the Complaint.

35. The answering Defendant lacks knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 35 of the Complaint and on that basis denies it.

# FOURTH CLAIM FOR RELIEF

## Battery (Cal. Govt. Code Section 820 and California Common Law)

## Against Officer Defendants and County

36.     The answering Defendant incorporates by reference all admissions and denials as previously set forth in each and every paragraph of its Answer to the Complaint.

37.     The answering Defendant denies each of the allegations asserted in paragraph 37 of the Complaint.

38.     The answering Defendant lacks knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 38 of the Complaint and on that basis denies it.

39.     The answering Defendant denies each of the allegations asserted in paragraph 39 of the Complaint.

40.     The answering Defendant lacks knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 40 of the Complaint and on that basis denies it.

41.     36.     The answering Defendant incorporates by reference all admissions and denials as previously set forth in each and every paragraph of its Answer to the Complaint.

37.     The answering Defendant denies each of the allegations asserted in paragraph 37 of the Complaint.

38.     The answering Defendant lacks knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 38 of the Complaint and on that basis denies it.

39.     The answering Defendant denies each of the allegations asserted in paragraph 39 of the Complaint.

40. The answering Defendant lacks knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 40 of the Complaint and on that basis denies it.

41. The answering Defendant denies each of the allegations asserted in paragraph 41 of the Complaint.

42. The answering Defendant denies each of the allegations asserted in paragraph 42 of the Complaint.

43. The answering Defendant denies each of the allegations asserted in paragraph 43 of the Complaint.

## FIFTH CLAIM FOR RELIEF

**Negligence (Cal Govt. Code Section 820 and California Common Law)**

44. The answering Defendant incorporates by reference all admissions and denials as previously set forth in each and every paragraph of its Answer to the Complaint.

45. The answering Defendant denies each of the allegations asserted in paragraph 45 of the Complaint.

46. The answering Defendant admits Supervisors of the "LASD" have a duty to instruct and institute policies and procedures but denies that any Defendants breached this duty.

47. The answering Defendant denies each of the allegations asserted in paragraph 47 of the Complaint.

48. The answering Defendant lacks knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 48 of the Complaint and on that basis denies it.

49. The answering Defendant denies each of the allegations asserted in Paragraph 49.

# SIXTH CLAIM FOR RELIEF

## Violation of Bane Act – Cal Civ Code Section 52.1

50. The answering Defendant incorporates by reference all admissions and denials as previously set forth in each and every paragraph of its Answer to the Complaint.

51. The answering Defendant admits the allegation contained in Paragraph 51.

52. The answering Defendant denies each of the allegations asserted in Paragraph 52.

53. The answering Defendant denies each of the allegations asserted in Paragraph 53.

54. The answering Defendant denies each of the allegations asserted in Paragraph 54.

55. The answering Defendant denies each of the allegations asserted in Paragraph 55.

56. The answering Defendant lacks knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 56 of the Complaint and on that basis denies it.

57. The answering Defendant denies each of the allegations asserted in Paragraph 57.

58. The answering Defendant denies each of the allegations asserted in Paragraph 58.

# SEVENTH CLAIM FOR RELIEF

## Torts in Essence

## Against Individual Officers

59. The answering Defendant denies each of the allegations asserted in Paragraph 59.

## PRAYER

60. As to prayer in the Complaint, the answering Defendant denies that Plaintiff was injured or sustained damages due to any conduct on the part of this answering Defendant and further denies that Plaintiff is entitled to damages in any sum from this answering Defendant for any of the actions alleged in the Complaint.

61. As to the prayer in the Complaint, the answering Defendant denies that Plaintiff should receive any compensation whatsoever for his alleged damages, and further deny that the Plaintiff is entitled to any of the relief requested in Plaintiff's prayer for damages.

62. As to the prayer in the Complaint, the answering Defendant denies that Plaintiff should receive any compensation whatsoever for his alleged damages, and further deny that the Plaintiff is entitled to an award of punitive damages against these answering Defendant.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the answering Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The damages alleged by Plaintiff in the Complaint were not caused by the fault, carelessness, negligence or wrongful conduct on the part of the answering Defendants, but if any such fault, carelessness, or negligence is found to exist, any recovery or reward of damages must be diminished in proportion to the amount of fault attributable to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The answering Defendants are informed and believe and thereon allege that Defendants are entitled to a right of contribution from any person whose negligence or intentional act proximately contributed to the happening of the

alleged incident or alleged injuries of Plaintiff should Plaintiff receive a verdict against these answering Defendants.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with the requirements of the California Tort Claims Act prior to filing his Complaint as against these answering Defendants.

### FIFTH AFFIRMATIVE DEFENSE

The answering Defendants are entitled to an offset for all benefits paid to Plaintiff by any agency of the County of Los Angeles or through funds which were provided by the County of Los Angeles.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### SEVENTH AFFIRMATIVE DEFENSE

The answering Defendants exercised due care and diligence in all matters alleged in the Complaint, and no negligence or wrongful act or omission by the answering Defendants were the proximate cause of any alleged injury, loss or damage to plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Any and all acts of the answering Defendants which allegedly caused the injury at the time and place set forth in the Complaint were in the exercise of the discretion vested in the deputy sheriffs of the Los Angeles County Sheriff's Department and therefore there is no liability pursuant to Government Code §820.2, et seq.

### NINTH AFFIRMATIVE DEFENSE

The acts of the answering Defendants were lawfully made in good faith by a law enforcement officer acting within the scope of his authority and with reasonable cause at the time to believe that his conduct was lawful.

## TENTH AFFIRMATIVE DEFENSE

Public employees are not liable for their acts or omissions, while exercising due care, keeping the peace, insuring the public safety and enforcing the law.

## ELEVENTH AFFIRMATIVE DEFENSE

The answering Defendants claim protection for its actions and/or inactions under the theory of qualified immunity.

## TWELVTH AFFIRMATIVE DEFENSE

Law enforcement officers are immune state officials of state laws and judicial interpretations establish that their acts were on behalf of the state when enforcing its laws and protecting the public welfare.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to timely commence this action against the answering Defendants and therefore it is subject to dismissal.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint, and each and every claim contained therein, and/or any amendments thereto, is barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure §§ 335.1, 342 and Government Code §§ 911.2, 945.4, 945.6 and 950.2.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint, and each and every claim contained therein, and/or any amendments thereto, is barred by the doctrines of laches and unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any alleged acts or omissions by the answering Defendants were superseded by the acts of the Plaintiff, whose acts was the sole and proximate cause of any damages that Plaintiff alleges in the Complaint.

///

### SEVENTEENTH AFFIRMATIVE DEFENSE

The acts complained of by Plaintiff were provoked by the Plaintiffs' own wrongful conduct.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The answering Defendants took action which might reasonably be expected of law enforcement officers of ordinary prudence, acting under similar circumstances, who desire to keep the peace and enforce the law.

### NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims against the answering Defendants are barred, as the answering Defendants have absolute immunity from the allegations set forth in the Plaintiff's Complaint, or sovereign immunity under the Eleventh Amendment of the United States Constitution.

### TWENTIETH AFFIRMATIVE DEFENSE

The answering Defendants allege that they were at all times herein state officials acting in their official capacity, and are therefore not liable for damages under 42 U.S.C. § 1983.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

These answering Defendants allege that they are not liable by operation of law pursuant to the California Government Code §§ 815, 815.2, 815.3, 815.6, 818.2, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821, 821.6, 822.2, 844.6, 845.2, 845.6, 845.8, 846, 855.2, 855.6, 856.4, 911.2, 945.4, 945.6, 950.2, 950.6.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a cause of action because this answering Defendant did not act pursuant to an official government policy which allegedly violated Plaintiff's constitutional rights.

///

///

COUNTY OF LOS ANGELES' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his remedies under State and/or Administrative law as to some or all of the allegations contained in his Complaint.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is unable to establish that any activity alleged to have caused the unconstitutional deprivation implements or executes a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by these answering Defendants.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were caused by persons other than these answering Defendants.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, are the result of his own negligence and/or assumption of known risk.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations and claims for relief are barred, in whole or in part, by the doctrine of estoppel.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

These answering Defendants did not deprive any person of any right, privilege or immunity guaranteed by the Constitution or laws of the United States thereby barring Plaintiff's recovery.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The answering Defendant reserve their right to seek defense costs on the basis that the instant lawsuit is brought lacking good faith and is frivolous.

///

///

///

COUNTY OF LOS ANGELES' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action because the named Defendants did not act pursuant to an official government policy which violated Plaintiff's constitutional rights.

WHEREFORE, the answering Defendant prays for judgment in its favor as to Plaintiff's Second Amended Complaint, and requests the award of its costs and fees in this action, and for such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Defendant COUNTY OF LOS ANGELES hereby respectfully demands a trial by jury on all claims in the within action as provided by Federal Rule of Civil Procedure, Rule 38(a) and (b).

Dated: January 30, 2023         SEKI, NISHIMURA & WATASE, LLP


By:    */s/ Kari C. Kadomatsu*
      JOSEPH ESPOSITO
      KARI C. KADOMATSU
      Attorneys for Defendants